IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | § § | |
| Plaintiffs, | § § | C.A. Number: |
| v. | § § § | |
| ACME MARKETS, INC., a Delaware corporation d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Delaware Corporation d/b/a Acme Markets No. 7836, ACME MARKETS, INC., a Pennsylvania Corporation, d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Pennsylvania Corporation d/b/a Acme Markets No. 7836, | § § § § § § § § § | **Trial by Jury Demanded** |
| Defendants. | § | |

## COMPLAINT

### I.    NATURE OF THE ACTION

1.    This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and under statutory law, 19 Del.C. § 710, *et seq.* and state common law, all stemming from unlawful employment practices, harassment and hostile work environment of Acme Supermarkets, Inc.

### II.    JURISDICTION AND VENUE

2.    The Court has original jurisdiction over this matter brought to redress deprivation of rights, privileges and immunities secured and protected by the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1334. The federal issues involved arise under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*), 42 U.S.C. § 1981. The Court has supplemental jurisdiction over all state law claims as they are related to those over which original

jurisdiction is confirmed and are part of the same case at controversy, pursuant to 28 U.S.C. § 1967.

  3. Venue in this Court is predicated upon the provision of 28 U.S.C. § 1391(b).

### III. PARTIES

  4. Plaintiff, Gloria Nieves, is a resident of the State of Delaware residing at 625 Village Drive, Middletown, Delaware 19709.  She is a Hispanic female who began to work for Defendant in or about November of 2001.

  5. Plaintiff, Emilio Nieves, is the husband of Gloria Nieves who also resides at 625 Village Drive, Middletown, Delaware 19709.

  6. Acme Markets, Inc. is a Delaware corporation (hereinafter "Acme") registered to do business in this state.  Their registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  It operates various commercial supermarket establishments.  The establishments subject to this action are Acme Market No. 7816 located at 460 East Main Street, Middletown, Delaware 19709 and Acme Market No. 7836 located at 236 E. Glenwood Avenue, Smyrna, Delaware 19977.

  7. Acme Markets, Inc. is a Pennsylvania corporation registered to do business in this state.  Their registered agent for service of process is The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.  It operates various commercial supermarket establishments.  The establishments subject to this action are Acme Market No. 7816 located at 460 East Main Street, Middletown, Delaware 19709 and Acme Market No. 7836 located at 236 E. Glenwood Avenue, Smyrna, Delaware 19977.

IV.   **BACKGROUND**

8.   Plaintiff Gloria Nieves (hereinafter "Ms. Nieves") is a Hispanic female who began to work for the Acme Supermarkets located at 460 East Main Street, Middletown, Delaware in November of 2001.

9.   On or about July 24, 2003, she began to be subjected to disparate treatment from her similarly situated non-Hispanic co-workers by being harassed and held up to ridicule because of her accent and race.

10.   Her non-Hispanic co-workers made false accusations to her superiors alleging Ms. Nieves had violated employment rules and regulations.

11.   This harassment and hostile environment created by Ms. Nieves co-workers continued even though she complained to management.

12.   Co-workers, including Michelle Warren, Chrissie Show, Joyce Alphin and Denise made harassing and racially biased remarks, including telling supervisors that Ms. Nieves should not have been hired full time because she was Hispanic and spoke with an accent.

13.   These same co-workers in the presence of other co-workers and customers on a number of occasions, up to and including February 2004, mocked Plaintiff's Hispanic accent.

14.   These co-workers insisted Plaintiff Nieves speak only English at work even though Ms. Nieves believed it was part of her job to speak Spanish to non-English speaking customers.

15.   Co-workers falsely accused her of throwing food and other violations of employment practices.

16. When Ms. Nieves reported these problems to her supervisors, at first nothing occurred, and then she was suspended from employment and transferred to another Acme store location.

17. Defendant Acme falsely claimed that she was suspended and transferred for a disciplinary infraction, while non-Hispanic employees who allegedly committed similar infractions were not disciplined.

18. In or about January 2005, Ms. Nieves, due to the continued harassment, hostile work environment and resulting emotional and physical stress, left her employment at Acme.

19. On or about April 2, 2004, Ms. Nieves filed a charge of discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

20. On March 31, 2005, the DDOL issued a Reasonable Cause Determination finding Ms. Nieves' allegations that co-workers constantly harassed her and subjected her to physical threats and name calling because of her race and national origin had been confirmed, and further finding that when Ms. Nieves complained, no action was taken to end this behavior. This Final Determination and Delaware Right to Sue Notice was reviewed by the EEOC.

21. The EEOC issued a "Right to Sue" Notice dated November 30, 2005 in which the EEOC adopted the findings of the DDOL.

## COUNT I
**(Hostile Environment/Constructive Discharge)**

22. Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1 through 21.

23. The disparate treatment and hostile environment and harassment to which Plaintiff was subjected due to her race and national origin constitute violation of her employment rights protected under Title VII (42 U.S.C. § 2000(e)).

24. The unlawful employment practices set forth herein were allowed and endorsed by management level personnel of Defendant Acme.

25. Due to the hostile working conditions, Ms. Nieves left her employment at Acme in January 2005. This constructive discharge of her employment constitutes a violation of her rights predicated by Title VII (42 U.S.C. § 2000(e)) and 42 U.S.C. § 1981.

26. The unlawful employment practices set forth herein were done with malice and/or reckless indifference to Plaintiff's federally protected rights.

27. The unlawful employment practices were a proximate cause of Plaintiff suffering severe and continuing mental, physical and emotional distress, loss of pay and other benefits associated with her employment entitling her to remedies and damages including, but not limited to compensatory, equitable and punitive damages as set forth below.

## COUNT II
### (Retaliation)

28. Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1 through 27.

29. The disparate treatment to which Plaintiff was subjected due to her complaints of hostile work environment, and her suspension from employment in retaliation for her complaints of disparate treatment have deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee, all in retaliation for her engaging in activities protected under Title VII (42 U.S.C. § 2000(e)).

30. The constructive termination of Ms. Nieves' employment due to her complaints of racial discrimination constitutes a violation of her rights protected by Title VII (42 U.S.C. § 2000(e)) and 42 U.S.C. § 1981.

31. These unlawful employment practices of Defendant Acme were intentional, were done with malice and/or a reckless indifference to Plaintiff's federally protected rights.

32. The unlawful employment practices were a proximate cause of Plaintiff's suffering, past, present and future loss of income, including, but not limited to loss of wages, medical insurance and other benefits associated with her employment. Such actions were also a proximate cause of Plaintiff suffering severe and continuing mental, physical and emotional distress entitling Plaintiff to remedies and damages, including, but not limited to compensatory, equitable and punitive damages as set forth below.

## COUNT III
**(Statutory State Law Claim)**

33. Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1 through 32.

34. The disparate treatment and hostile environment and harassment to which Plaintiff was subjected due to her race and national origin constitute violation of her employment rights protected under 19 Del.C. §710, *et seq.*

35. The unlawful employment practices set forth herein were allowed and endorsed by management level personnel of Defendant Acme.

36. Due to the hostile working conditions, Ms. Nieves left her employment with Acme in January 2003. This constructive discharge of her employment constitutes a violation of her rights protected by 19 Del.C. § 701, *et seq.*

37. The unlawful employment practices set forth herein were done with malice and/or reckless indifference to Plaintiff's rights.

38. The unlawful employment practices were a proximate cause of Plaintiff suffering severe and continuing mental and emotional distress, loss of pay and other benefits associated with her employment entitling her to remedies and damages including, but not limited to compensatory, equitable and punitive damages as set forth below.

## COUNT IV
### (Retaliation – Statutory State Law Statute Claim)

39. Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1 through 38.

40. The disparate treatment to which Plaintiff was subjected due to her complaints of hostile work environment, and her suspension from employment in retaliation for her complaints of disparate treatment have deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee, all in retaliation for her engaging in activities protected under 19 Del.C., § 710 *et seq.*

41. The constructive termination of Ms. Nieves' employment due to her complaints of racial discrimination constitutes a violation of rights protected by 19 Del.C., § 710 *et seq.*

42. These unlawful employment practices of Defendant Acme were intentional, were done with malice and/or a reckless indifference to Plaintiff's protected rights.

43. The unlawful employment practices were a proximate cause of Plaintiff's suffering, past, present and future loss of income, including, but not limited to loss of wages, medical insurance and other benefits associated with her employment. Such actions were also a proximate cause of Plaintiff suffering severe and continuing mental and emotional distress

entitling Plaintiff to remedies and damages, including, but not limited to compensatory, equitable and punitive damages as set forth below.

## COUNT V
### (State Law Claim - Wrongful Termination)

44. Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1 through 43.

45. Part of Plaintiff's employment contract with Defendant includes a Covenant of Good Faith and Fair Dealing.

46. The Defendant's constructive discharge of Plaintiff's employment which was caused by Defendant's failure to address the harassment of Plaintiff and her hostile work environment is a violation of the public policy of the State of Delaware.

47. The Defendant's constructive termination of Plaintiff's employment in violation of the public policy of the State of Delaware violates the Covenant of Good Faith and Fair Dealing and constitutes a wrongful discharge of Plaintiff in violation of her contractual rights.

48. The constructive discharge of Plaintiff in violation of the Covenant of Good Faith and Fair Dealing were a proximate cause of Plaintiff's suffering, *inter alia*, past, present and future loss of income, including, but not limited to, loss of wages, medical insurance, pension benefits, and other benefits associated with her employment.

## COUNT VI
### (State law claim – Intentional Infliction of Emotional Distress)

49. Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1 through 48.

50. Defendant, through its management personnel, intentionally allowed Plaintiff's co-workers to criticize her, threaten her and falsely accuse her of misconduct.

51. Defendant's actions, through its management personnel, were intentional and malicious and calculated to cause Defendant to suffer extreme emotional distress.

52. The actions of Defendant, through its management and supervisory personnel, in suspending Plaintiff and transferring her to a different location based upon unsupported claims of Plaintiff's misconduct were intentionally designed to cause Plaintiff to suffer extreme emotional distress.

53. The actions of Defendant caused Plaintiff to suffer severe and continuing mental and emotional distress and physical manifestation of that distress entitling her to remedies and damages, including, but not limited to, compensatory, equitable and punitive damages as set forth below.

## COUNT VII
**(Plaintiff Emilio Nieves' Claim for Loss of Consortium)**

54. Plaintiffs adopt and incorporate by reference the allegations in paragraphs 1 through 53.

55. Plaintiff Emilio Nieves at all times pertinent was the lawful husband of Plaintiff Gloria Nieves.

56. The actions of Defendant which caused Plaintiff Ms. Nieves to suffer emotional distress and physical manifestations of that distress, caused Plaintiff Emilio Nieves to lose the consortium, comfort and companionship of his wife, entitling him to compensatory damages.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1.For past, present and future lost wages and other benefits Plaintiff, Ms. Nieves, lost through the constructive termination of her employment with Defendant Acme;

2.Equitable relief, including, but not limited to, Ms. Nieves' future loss of income and benefits in lieu of reinstatement of employment;

3.Punitive damages;

4.Compensation for Ms. Nieves' emotional, mental, physical and psychological damage and injury including medical expenses;

5.Compensation for Mr. Nieves' loss of consortium;

6.An award of attorney's fees;

7.An award of costs;

8.An award of pre and post judgment interest; and

9.For any other relief the Court deems just and appropriate.

**BIGGS AND BATTAGLIA**

/s/ Philip B. Bartoshesky (#2056)
Philip B. Bartoshesky, Esquire
Victor F. Battaglia, Esquire (#156)
921 Orange Street
P.O. Box 1489
Wilmington DE 19899-1489
(302) 655-9677
Pbarto@batlaw.com
VictorSr@batlaw.com
Attorneys for Plaintiffs

Date:  February 27, 2006

06 - 123

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Gloria Nieves and Emilio Nieves

**DEFENDANTS** — Acme Markets, Inc. d/b/a Acme Markets No. In. 7816; Acme Markets, Inc., d/b/a Acme Markets No. 7836

(b) County of Residence of First Listed Plaintiff  **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Victor F. Battaglia, Sr., Esquire
Biggs and Battaglia, 921 N. Orange St., Wilmington

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII (42 U.SC §2000(e); 42 U.S.C. §1981
Brief description of cause:
Hostile work environment and constructive discharge due to race/national origin.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
Nieves v. Acme Supermarkets - pro se filing
JUDGE Sleet
DOCKET NUMBER 05-646 GMS

DATE 2/27/06
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06 - 123

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___FEB 2 7 2006___   ___/s/ Kashawn Roy___
(Date forms issued)   (Signature of Party or their Representative)

___Kashawn Roy___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action