**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GLORIA NIEVES AND EMILIO NIEVES, | ) | CIVIL ACTION |
| Plaintiffs, | ) | |
| v. | ) | NO. 06-123 GMS |
| ACME MARKETS, INC., a Delaware Corporation, d/b/a Acme Markets No. 7816, ACME MARKETS, INC. a Delaware Corporation d/b/a Acme Markets No. 7836, ACME MARKETS, INC., a Pennsylvania Corporation, d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Pennsylvania Corporation, d/b/a Acme Markets No. 7836 | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT ACME MARKETS, INC.**

Defendant Acme Markets, Inc., (incorrectly referred to in the caption as "ACME MARKETS, INC., a Delaware Corporation, d/b/a Acme Markets No. 7816, ACME MARKETS, INC. a Delaware Corporation d/b/a Acme Markets No. 7836, ACME MARKETS, INC., a Pennsylvania Corporation, d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Pennsylvania Corporation, d/b/a Acme Markets No. 7836")(hereinafter referred to as "Defendant" or "Acme Markets, Inc.") by its undersigned counsel, hereby responds to the allegations in the Complaint of Gloria Nieves and Emilio Nieves in accordance with the numbered paragraphs thereof as follows:

## I. NATURE OF ACTION

1. Admitted in part and denied in part. Defendant admits that plaintiff has initiated this action and pleads alleged violations by Defendant under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 1981, 19 Del. C. §710, and state common law. Defendant denies that it engaged in any unlawful employment practices and denies that it violated Title VII, section 1981, or any statutory law or common law of the State of Delaware and denies that it harmed plaintiff in any way.

## II. JURISDICTION AND VENUE

2. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent a response is deemed required, defendant admits these allegations.

3. Admitted in part and denied in part. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. Defendant admits that plaintiff Gloria Nieves was employed at Defendant's place of business within the jurisdiction of this Court and that defendant has a place of business within the jurisdiction of this Court. Defendant denies all other allegations in this paragraph.

## III. PARTIES

4. Admitted in part and denied in part. Defendant admits that plaintiff Gloria Nieves is a Hispanic female who commenced employment with Defendant on November 12, 2001 and whose address during her employment was listed as 625 Village Drive, Middletown, DE 19709. After reasonable investigation, defendant is without sufficient knowledge as to plaintiff Gloria Nieves' current address, and therefore those allegations are denied.

5. After reasonable investigation, defendant is without sufficient knowledge as to plaintiff Emilio Nieves marital status and current address, and therefore those allegations are denied.

6. Admitted in part and denied in part. Defendant admits that Acme is a Delaware corporation registered to do business in the state of Delaware and that it operates commercial supermarket establishments in the State of Delaware. Defendant also admits that Corporation Service Company is the registered agent of service of process for Acme in Delaware and is located at 2711 Centerville Road, Suite 400, Wilmington, DE. Defendant also admits that Acme store 7816 is located at 460 East Main Street, Middletown Delaware 19709 and Acme store 7836 is located at 236 E. Glennwood Avenue, Smyrna, Delaware 19977. Defendant denies that Acme stores 7816 and 7836 are separate legal entities subject to this lawsuit. The remaining allegations are denied.

7. Admitted in part and denied in part. Defendant admits that Acme is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania and that it operates commercial supermarket establishment in the State of Delaware and the Commonwealth of Pennsylvania. Defendant also admits that Acme store 7816 is located at 460 East Main Street, Middletown Delaware 19709 and Acme store 7836 is located at 236 E. Glennwood Avenue, Smyrna, Delaware 19977. Defendant denies that Acme stores 7816 and 7836 are separate legal entities subject to this lawsuit. The remaining allegations are denied.

## IV. BACKGROUND

8. Admitted in part and denied in part. Defendant admits that plaintiff Gloria Nieves is a Hispanic female who commenced employment with Acme on or about November 12, 2001. It is denied that she worked at a store at 460 East Main Street, Middletown Delaware in November 2001. To the contrary, plaintiff Gloria Nieves began her employment at 1719 West Green Street, Middletown, DE and in May 2003, she transferred to a new store at 460 East Main Street, Middletown, DE.

9. Defendant denies the allegations in this paragraph.

10. Admitted in part and denied in part. Defendant admits that plaintiff Gloria Nieves' coworker made allegations to her supervisor that Ms. Nieves violated employment rules and regulations. The remaining allegations in this paragraph are denied.

11. Defendant denies the allegations in this paragraph.

12. Defendant denies the allegations in this paragraph.

13. Defendant denies the allegations in this paragraph.

14. Defendant denies the allegations in this paragraph.

15. Admitted in part and denied in part. Defendant admits that Ms. Nieves' coworker accused her of throwing food and other violations of employment practices. Defendant denies that these allegations are false.

16. Admitted in part and denied in part. Defendant admits that after Ms. Nieves was alleged to violate employment practices and after an investigation of these allegations was performed, Ms. Nieves was suspended from employment from March 6, 2004 through March 13 2004 and that on or about March 14, 2004, Ms. Nieves was transferred to another Acme store. Defendant denies that Ms. Nieves reported any allegations of discrimination or harassment to her supervisors and denies the remaining allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

18. Admitted in part and denied in part. Defendant admits that plaintiff voluntarily resigned from employment on or about January 15, 2005. The remaining allegations are denied.

19. Defendant admits that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Delaware Department of Labor ("DDOL") which bears the date April 2, 2004.

20. Admitted in part and denied in part. Defendant admits that the Delaware Department of Labor issued a reasonable cause determination and notice of mandatory conciliation which bears the date March 31, 2005. Defendant denies that the DDOL made the determinations as alleged in this paragraph, and the DDOL's written determinations speaks for itself. Defendant is without knowledge or information regarding the remaining allegations in this paragraph and therefore they are denied.

21. Defendant is without knowledge or information sufficient to determine the truth of falsity of these allegations and therefore they are denied.

**COUNT I**
**(HOSTILE ENVIRONMENT/CONSTRUCTIVE DISCHARGE)**

22. Defendant incorporates by reference its responses to paragraphs 1 through 21 above, as if fully set forth at length herein.

23. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

24. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

25. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

26. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

27. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

## COUNT II
## (RETALIATION)

28. Defendant incorporates by reference its responses to paragraphs 1 through 27 above, as if fully set forth at length herein.

29. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

30. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

31. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

32. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

**COUNT III**
**(STATUTORY STATE LAW CLAIM)**

33. Defendant incorporates by reference its responses to paragraphs 1 through 32 above, as if fully set forth at length herein.

34. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

35. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

36. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

37. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

38. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

**COUNT IV**
**(RETALIATION-STATUTORY STATE LAW STATUTE CLAIM)**

39. Defendant incorporates by reference its responses to paragraphs 1 through 38 above, as if fully set forth at length herein.

40. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

41. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

42. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

43. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

**COUNT V**
**(STATE LAW CLAIM – WRONGFUL TERMINATION)**

44. Defendant incorporates by reference its responses to paragraphs 1 through 43 above, as if fully set forth at length herein.

45. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

46. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

47. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

48. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

**COUNT VI**
**(STATE LAW CLAIM- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

49. Defendant incorporates by reference its responses to paragraphs 1 through 48 above, as if fully set forth at length herein.

50. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

51. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

52. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

53. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

**COUNTI VII**
**(PLAINTIFF EMILIO NIEVES' CLAIM FOR LOSS OF CONSORTIUM)**

54. Defendant incorporates by reference its responses to paragraphs 1 through 53 above, as if fully set forth at length herein.

55. Defendant is without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and therefore, they are denied.

56. The allegations in this paragraph state a conclusion of law to which no responsive pleading is required. To the extent that a response is deemed required, defendant denies the allegations in this paragraph.

**DEMAND FOR JUDGMENT**

Defendant incorporates by reference its responses to paragraphs 1 through 56 inclusive, as if fully set forth at length herein. Defendant denies each and every allegation in plaintiffs' demand for judgment

**ANSWER TO ALL ALLEGATIONS**

Defendant denies each and every allegation not specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff Gloria Nieves' claims are barred in whole or in part by her failure to exhaust administrative remedies.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and laches and/or unclean hands.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Gloria Nieves claims may be barred in whole or in part by her failure to mitigate damages.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Gloria Nieves claims may be barred in whole or in part by her failure to file a timely charge of discrimination and/or harassment.

SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages may be barred in whole or in part by the exclusive remedy provisions of the Delaware Workers' Compensation Act.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the relief requested as a matter of law.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because defendant acted for legitimate business reasons.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's Gloria Nieves claims may be barred in whole or in part because she made misrepresentations.

TENTH AFFIRMATIVE DEFENSE

Plaintiff Gloria Nieves' claims are barred in whole or in part because Defendant had in effect, at all relevant times, a procedure for employees to address claims of harassment or other discriminatory treatment, and exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory treatment.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff Gloria Nieves' claims are barred and/or any recovery of damages is precluded because she unreasonably failed to take advantage of defendant's preventative and corrective opportunities or to avoid harm otherwise.

TWELVTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by their contributory negligence.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses would be appropriate.

WHEREFORE, Defendant Acme Markets, Inc. respectfully requests that the Court dismiss plaintiffs' Complaint with prejudice, enter judgment in defendant's favor and against plaintiffs, and award the defendant costs, attorneys' fees and such other relief as the Court may deem appropriate.

Respectfully submitted,

JENNIFER BECNEL-GUZZO (No. 4492)
Klett Rooney Lieber & Schorling, PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200

and

Elizabeth A. Malloy *(pro hac vice motion pending)*
Victoria L. Zellers *(pro hac vice motion pending)*
KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation
Two Logan Square, 12th Floor
Philadelphia, PA 19103-2756
(215) 567-7500

Dated: May 1, 2006

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

GLORIA NIEVES AND EMILIO NIEVES )
)
Plaintiffs, )
)
v. )
) C.A. No. 06-123 GMS
ACME MARKETS, INC., a Delaware Corporation, )
d/b/a Acme Markets No. 7816 )
ACME MARKETS, INC., a Delaware Corporation, )
d/b/a Acme Markets No.7836 )
ACME MARKETS, INC., a Pennsylvania )
Corporation, d/b/a/ Acme Markets No. 7816, )
ACME MARKETS, INC., a Pennsylvania )
Corporation, d/b/a Acme Markets No. 7836 )
)
Defendants. )

**CERTIFICATE OF SERVICE**

I, Jennifer M. Becnel-Guzzo, hereby certify that on May 1, 2006 I electronically filed Defendant's **Answer and Affirmative Defenses** with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation

BY: [signature]
Jennifer M. Becnel-Guzzo (#4492)
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jbecnel-guzzo@klettrooney.com