IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA NIEVES and EMILIO NIEVES, § § Plaintiffs, § § v. § § ACME MARKETS, INC., a Delaware corporation § d/b/a Acme Markets No. 7816, ACME MARKETS,§ INC., a Delaware Corporation d/b/a Acme Markets § No. 7836, ACME MARKETS, INC., a Pennsylvania§ Corporation, d/b/a Acme Markets No. 7816, § ACME MARKETS, INC., a Pennsylvania § Corporation d/b/a Acme Markets No. 7836, § § Defendants. § | C.A. Number: 06-123 GMS  <br><br>**Trial by Jury Demanded** |

## JOINT STATUS REPORT

The parties' counsel having conferred and hereby submit the following as a Joint Status Report on the captioned case.

1. **Jurisdiction and Service**: There is no dispute as to the "subject matter jurisdiction" nor the Court's jurisdiction over the parties. There are no parties which remain to be served with the Complaint.

2. **Substance of the Action**: Plaintiff has filed a claim under Title VII and 42 U.S.C. § 1981 asserting she was discriminated against on the basis of her race and national origin with respect to her employment with the Defendant, Acme Markets, Inc. Plaintiff is of Hispanic descent and worked for a number of years at an Acme Market in Middletown, Delaware. She claims that in or about the summer of 2003, she began to be subjected to harassment from co-workers who ridiculed her and made false claims that she had violated various workplace rules all because of her race and Hispanic accent. When Plaintiff complained to management about these

issues, initially, she was ignored, but then suspended from employment and ultimately transferred to another Acme Market location. Plaintiff filed a Complaint with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC") in April of 2004 and by January 2005, the situation not improving and the harassment continuing, she claims a constructive discharge when she left employment at Acme and obtained a lower paying sales job.

The Defendant claims that Plaintiff was suspended for one week in March 2004 and transferred to a nearby Acme store because of her inappropriate conduct. Plaintiff never complained about any harassment. Plaintiff voluntarily resigned nine months later, and again never complained about any harassment or retaliation.

3.  **Identification of Issues**: The parties anticipate there being disputes of fact as to whether Plaintiff was actually harassed and/or ridiculed by co-workers and whether she made legitimate complaints to management and whether management took any appropriate action with respect to those complaints. The parties also expect there to be factual disputes as to the basis for Plaintiff's suspension from employment and transfer to another location and whether she did, in fact, experience sufficient or any degree of harassment which would justify her claim of constructive discharge. There also may be disputes as to her physical and mental injuries and whether she acted appropriately to mitigate damages.

4.  **Narrowing of Issues**: Defendant anticipates filing case dispositive or partially case dispositive motions with respect to all of Plaintiff's claims.

5.  **Relief**: The Plaintiff seeks damages in the amount of the difference between her salary and earnings while employed at Acme and her current employment as well as damages for emotional distress.

6. **Amendment of Pleadings**: Parties do not anticipate at this time any amendment to the pleadings except possibly to correct the corporate name of Defendant by stipulation.

7. **Joinder of Parties**: Not applicable.

8. **Discovery**: Plaintiff's anticipate rather routine interrogatory and request for production and depositions of a number of Plaintiff's former co-workers as well as the Acme store supervisors and possibly a Rule 30(b)(6) deposition of Acme representative.

Defendants anticipate routine interrogatories and requests for production and depositions of Plaintiff, a number of Plaintiff's former co-workers, her medical providers (if any) and potentially one or more family members. The parties believe they will be able to stipulate to confidentiality relating to employee and medical records.

9. **Estimated trial length**: The Defendant may move to bifurcate the trial with respect to liability and damages, but requests permission to reserve that decision until after the close of discovery. Plaintiffs do not believe it is necessary to bifurcate any issues for trial. The parties anticipate being able to stipulate to a number of factual matters in order to expedite the presentation of evidence. The trial of this case, liability and damages, should take no more than 4 trial days.

10. **Jury trial**: The Plaintiff has demanded trial by jury.

11. **Settlement**: There have, as yet, been no settlement discussions. Plaintiff believes it would be beneficial to have this case referred to the Magistrate for mediation. During the course of the DDOL proceedings in this case, there was a mediation scheduled, but Plaintiff was out of the country temporarily when the notice sent to her for that proceeding and when the

proceeding was scheduled and did not attend. Plaintiff is interested in attempting to resolve this case through mediation.

12. At present there are no other matter which counsel for the parties believe need to be addressed to promote a just, speedy and inexpensive determination of this action. At the current time, however, Plaintiff is scheduled to be out of the country from December 15, 2006 through January 6, 2007, and, if possible, would request that the Scheduling Order accommodate her travel plans.

13. The parties' counsel have conferred on each of the above matters.

BIGGS & BATTAGLIA

_____
Victor F. Battaglia, Sr. (#2562)
921 North Orange Street
Wilmington, DE 19801
(302) 655-9677
(302) 655-7924 (facsimile)
vicbjr@batlaw.com

*Attorneys for Plaintiff*

BUCHANAN INGERSOLL & ROONEY

_____
Jennifer M. Becnel-Guzzo (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4208
(302) 552-4295 (facsimile)
jennifer.becnelguzzo@bipc.com

*Attorneys for Defendants*