IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | § § | |
| Plaintiffs, | § § | C.A. Number:  06-123 GMS |
| v. | § § | |
| ACME MARKETS, INC., a Delaware corporation d/b/a Acme Markets No. 7816,  ACME MARKETS, INC., a Delaware Corporation d/b/a Acme Markets No. 7836, ACME MARKETS, INC., a Pennsylvania Corporation,  d/b/a Acme Markets No. 7816, ACME MARKETS,  INC., a Pennsylvania Corporation d/b/a Acme Markets No. 7836, | § § § § § § § § § | **Trial by Jury Demanded** |
| Defendants. | § § | |

## SCHEDULING ORDER

This _____ day of _____, 2006, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on July 18, 2006, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**.  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before **August 1, 2006.**

2. **Discovery**.  All discovery in this case shall be initiated so that it will be completed on or before January 18, 2007.

    a. **Discovery and Scheduling Matters**.  Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at

(302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this Court's website at www.ded.uscourts.gov. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter, an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

      3.      **Confidential Information and Paper filed under Seal**. Should counsel find it will be necessary to apply to the Court for a Protective Order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order. When filing papers under seal, counsel should deliver to the clerk and original and two copies of the papers.

      **If, after making a diligent effort, the parties are unable to agree on the contents of the joint, proposed Protective Order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

      4.      **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. If the parties agree that the possibility of settlement may be enhanced by such a referral, the parties

shall contact Magistrate Judge Thygne to schedule a settlement conference with counsel and clients.

5. **Case Dispositive Motions**. All Case Dispositive Motions and an Opening Brief and Affidavits, if any, in support of the Motion shall be served and filed on or before **February 1, 2007**. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

6. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion shall contain the statement required by Local Rule 7.1.1.

7. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

8. **Pretrial Conference**. On **June 19, 2007**, at **11:00 a.m.**, the Court will hold a Pretrial Conference in chambers with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the Joint Proposed Final Pretrial Order with the information required by the form of Final Pretrial Order by **May 29, 2007**. A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov.

9. **Trial**.  This matter is scheduled for a **3** day jury trial beginning at **9:00 a.m.** on **July 9, 2007.**

10. **Scheduling**.  The parties shall contact chambers at (302) 573-6470 only in situations where scheduling relief is sought and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
The Honorable Gregory M. Sleet