**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Number: 06-123 (GMS) |
| ACME MARKETS, INC., a Delaware corporation d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Delaware Corporation d/b/a Acme Markets No. 7836, ACME MARKETS, INC., a Pennsylvania Corporation, d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Pennsylvania Corporation d/b/a Acme Markets No. 7836, | : : : : : : : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**DEFENDANT ACME MARKETS, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Acme Markets, Inc., by and through its undersigned counsel, hereby moves for summary judgment on all of the claims asserted in Plaintiffs' Complaint. As a matter of law, Defendant is entitled to the entry of summary judgment on Plaintiffs' Complaint for the following reasons:

1. There are no disputed issues of fact.

2. Ms. Nieves cannot meet her burden of proving the elements of her claim for hostile work environment in violation of Title VII, 42 U.S.C. §1981 and Delaware's Discrimination In Employment Act. The conduct by her co-workers about which she complains was neither pervasive nor severe enough to rise to the level of an actionable hostile environment.

3. Ms. Nieves cannot meet her burden of proving constructive discharge in violation of Title VII, 42 U.S.C. §1981 and Delaware's Discrimination In Employment Act.

4. Plaintiff Gloria Nieves' claim of retaliation under Title VII, §1981, and the Delaware Discrimination Act fails as a matter of law because Ms. Nieves cannot prove a causal link between the alleged protected activity and adverse action, as required for her prima facie case. Additionally, she cannot prove that Acme's legitimate, non-discriminatory reason for suspending and transferring her was a pretext for retaliation.

5. Ms. Nieves' claim for "retaliatory constructive discharge" under Title VII and Delaware statute is barred because she did not exhaust her administrative remedies and fails in all respects because she cannot meet her burden of proving constructive discharge.

6. Ms. Nieves claim for breach of the covenant of good faith and fair dealing is barred because the Delaware Discrimination Act provides the sole remedy for employment discrimination claims to the exclusion of all other remedies;

7. Ms. Nieves' claim of disparate treatment, if any, is barred because she cannot establish that similarly situated individuals were treated more favorably.

8. Ms. Nieves intentional infliction of emotional distress claim is barred by the Delaware Worker's Compensation Act and fails because she cannot prove that any of Acme's conduct rose to the level of extreme and outrageous to go beyond all possible bounds of decency;

9. Plaintiff Emilio Nieves' claim of loss of consortium fails as a matter of law because such a claim cannot stand independent of Ms. Nieves' claim of intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing;

Defendant relies on the pleadings, Opening Brief in Support of Its Motion For Summary Judgment, and the Appendix.

For all of these reasons and the reasons stated in Defendant's Opening Brief in Support of its Motion, which Acme adopts and incorporates by reference, Defendants are entitled to summary judgment as a matter of law on all counts.

Respectfully submitted,

/s/ Jennifer M. Becnel-Guzzo
JENNIFER M. BECNEL-GUZZO (No. 4492)
BUCHANAN INGERSOLL & ROONEY PC
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200

and

ELIZABETH A. MALLOY *(admitted pro hac vice)*
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street
14th Floor
Philadelphia, PA  19103
(215) 665-8700

Attorneys for Defendant,
Acme Markets, Inc.

Dated:  February 1, 2007

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Number: 06-123 (GMS) |
| ACME MARKETS, INC., a Delaware corporation | : | |
| d/b/a Acme Markets No. 7816, ACME MARKETS, | : | JURY TRIAL DEMANDED |
| INC., a Delaware Corporation d/b/a Acme Markets | : | |
| No. 7836, ACME MARKETS, INC., a Pennsylvania | : | |
| Corporation, d/b/a Acme Markets No. 7816, | : | |
| ACME MARKETS, INC., a Pennsylvania | : | |
| Corporation d/b/a Acme Markets No. 7836, | : | |
| | : | |
| Defendants. | : | |

**PROPOSED ORDER GRANTING DEFENDANT ACME MARKETS, INC.'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P.**

**AND NOW,** this _____ day of _____, upon consideration of Defendant Acme Markets, Inc.'s Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, Plaintiffs' Opposition to thereto, and argument of counsel, if any, it is **ORDERED** and **DECREED** that Defendant Acme Markets, Inc.'s Motion for Summary Judgment is **GRANTED**; and it is further **ORDERED** and **DECREED** that judgment be **ENTERED** in favor of Defendant Acme Markets, Inc. and against Plaintiffs Emilio Nieves and Gloria Nieves on all counts of their Complaint.

**IT IS SO ORDERED:**

_____
**U.S. District Court Judge Gregory M. Sleet**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA NIEVES AND EMILIO NIEVES ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 06-123 GMS |
| ACME MARKETS, INC., a Delaware Corporation, ) | |
| d/b/a Acme Markets No. 7816 ) | |
| ACME MARKETS, INC., a Delaware Corporation, ) | |
| d/b/a Acme Markets No.7836 ) | |
| ACME MARKETS, INC., a Pennsylvania ) | |
| Corporation, d/b/a/ Acme Markets No. 7816, ) | |
| ACME MARKETS, INC., a Pennsylvania ) | |
| Corporation, d/b/a Acme Markets No. 7836 ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

I, Jennifer M. Becnel-Guzzo, hereby certify that on February 1, 2007, I electronically filed the **Motion for Summary Judgment, Opening Memorandum in Support of Motion for Summary Judgment, and Appendix to Opening Memorandum in Support of Motion for Summary Judgment** with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

                                                        BUCHANAN INGERSOLL & ROONEY PC

                                                        BY: /s/ Jennifer M. Becnel-Guzzo
                                                                Jennifer M. Becnel-Guzzo (#4492)
                                                                The Brandywine Building
                                                                1000 West Street, Suite 1410
                                                                Wilmington, DE 19801
                                                                (302) 552-4200
                                                                jennifer.becnelguzzo@bipc.com