IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | Number: 06-123 (GMS) |
| ACME MARKETS, INC., a Delaware corporation d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Delaware Corporation d/b/a Acme Markets No. 7836, ACME MARKETS, INC., a Pennsylvania Corporation, d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Pennsylvania Corporation d/b/a Acme Markets No. 7836, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## RE-NOTICE OF DEPOSITION OF THOMAS J. SMITH

TO:   Philip B. Bartoshesky, Esquire
      Biggs & Battaglia
      921 North Orange Street
      Wilmington, DE 19801

PLEASE TAKE NOTICE that counsel for Acme Markets, Inc., pursuant to Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, will take the oral deposition of Thomas J. Smith in the offices of Buchanan Ingersoll & Rooney, The Brandywine Building, 1000 West Street, Suite 1410, Wilmington, Delaware 19801, on March 1, 2007, beginning at 10:00 a.m. The deposition will be taken by a notary public, court reporter, or other authorized person and will continue from day to day until completed.

BUCHANAN INGERSOLL & ROONEY PC

Jennifer M. Becnel-Guzzo, Esquire (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant Acme Markets, Inc.*

February 20, 2007

## PROOF OF SERVICE

| SERVED: State of Delaware Department of Justice | DATE: February 20, 2007 | PLACE: State of Delaware Department of Justice 820 N. French Street, 6th Floor Wilmington, DE 19801 |
|---|---|---|
| SERVED ON (PRINT NAME) Linda Carmichael, Deputy Attorney General | MANNER OF SERVICE U.S. Certified Mail, Return Receipt Requested | |
| SERVED BY (PRINT NAME) Jennifer M. Becnel-Guzzo, Esquire | TITLE Attorney for Defendants | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  February 20, 2007          /s/ Jennifer Becnel-Guzzo
              DATE                          SIGNATURE OF SERVER

Buchanan Ingersoll & Rooney, PC; The Brandywine Building - 1000 West Street, Suite 1410, Wilmington, DE 19801
ADDRESS OF SERVER

Rule 45, Fed. R. Civ. P., Parts (c) & (d)

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | CIVIL ACTION |
| Plaintiffs, | |
| v. | |
| | Number: 06-123 (GMS) |
| ACME MARKETS, INC., a Delaware corporation d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Delaware Corporation d/b/a Acme Markets No. 7836, ACME MARKETS, INC., a Pennsylvania Corporation, d/b/a Acme Markets No. 7816, ACME MARKETS, INC., a Pennsylvania Corporation d/b/a Acme Markets No. 7836, | JURY TRIAL DEMANDED |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I, Jennifer M. Becnel-Guzzo, hereby certify that on February 20, 2007, I electronically filed the **Defendant's Re-Notice of Deposition of Thomas J. Smith** with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

BUCHANAN INGERSOLL & ROONEY PC

BY: _____
Jennifer M. Becnel-Guzzo (#4492)
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
jennifer.becnelguzzo@bipc.com
*Attorneys for Defendant Acme Markets, Inc.*

February 20, 2007