## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

GLORIA NIEVES and EMILIO NIEVES,  :
                                      :

            Plaintiffs,             :        C.A. Number: 06-123 GMS

                                       :

        v.                            :

                                       :

ACME MARKETS, INC., a Delaware corporation :
d/b/a Acme Markets No. 7816,  ACME MARKETS, :       __Trial by Jury Demanded__
INC., a Delaware Corporation d/b/a Acme Markets :
No. 7836, ACME MARKETS, INC., a Pennsylvania :
Corporation,  d/b/a Acme Markets No. 7816, :
ACME MARKETS,  INC., a Pennsylvania :
Corporation d/b/a Acme Markets No. 7836, :

                                       :

           Defendants.                :

## FINAL PRETRIAL ORDER

      NOTE:  On May 24, 2007 the Court granted the Motion to Withdraw which had been

filed by Biggs and Battaglia.  Counsel for both parties had worked together on this Pretrial Order

before the Motion to Withdraw was granted.  It is thus submitted as the parties had agreed.

      This matter having come before the court at a pretrial conference held pursuant to

Fed.R.Civ.P. ("Rule") 16, and Philip B. Bartoshesky, Esquire, 921 North Orange Street,

Wilmington, Delaware, 19801, 302-655-9677 having appeared as counsel for Plaintiffs and

Elizabeth Malloy, Esquire, 1835 Market Street, 14th Floor, Philadelphia, Pennsylvania 19103-

2985, 215-665-5310, and Jennifer Becnel-Guzzo, Esquire, 1000 West Street, Ste. 1410,

Wilmington, DE 19801, 302-552-4208, having appeared as counsel for Defendant, the following

actions were taken:

      1.      This is an action for retaliation and harassment and wrongful termination of

employment and the jurisdiction of the court involved is under 28 U.S.C. § 1331 and 1334, 42

U.S.C. § 2000 (e), *et. seq.*, 42 U.S.C. § 1981, with respect to Plaintiff's federal claims. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1967.

2.     The following stipulations and statements were submitted and are attached to and made a part of this Order.

(a)     a comprehensive stipulation or statement of all uncontested facts, which will become part of the evidentiary record in this case in which, may be read to the jury by the Court or any party;

(1)     Plaintiff Gloria Nieves was born in Columbia, South America in 1963. She married Emilio Nieves, a Puerto Rican native who has been living in Delaware for over thirty years in 2001.

(2)     Defendant ACME Markets, Inc., operates retail grocery stores in Delaware, Maryland, New Jersey and Pennsylvania.

(3)     Gloria Nieves was a member of union UCFW Local 27. Under the Bargaining Agreement between UFCW Local 27 and ACME, ACME has a right to discipline any employee for good and sufficient cause.

(4)     Ms. Nieves began her employment with ACME in November 2001 as a part-time courtesy clerk at ACME's store in Middletown, Delaware. She transitioned into a full-time employee and by November, 2003 she was a deli clerk in charge of the deli department at night.

(5)     ACME had an equal employment opportunity or EEO policy which, among other things, prohibits discrimination on the basis of race or national origin in any aspect of employment and includes a reporting mechanism

for employees to follow if they believe they have been subjected to discrimination. Plaintiff was aware of her employer's policies.

(6)    The EEO policy states that anyone who feels that he or she has been discriminated against should report such incidents to his or her supervisor and/or the Director of Human Resources.

(7)    ACME had a policy on "Sexual and Workplace Harassment" which provides that unlawful harassment will not be tolerated, and provides a procedure through which employees are to address claims of harassment or other discriminatory treatment. Ms. Nieves was aware of this policy.

(8)    ACME had Store Work Rules. Ms. Nieves was aware of the work rules.

(9)    When ACME in Middletown moved to a newer and larger facility Plaintiff was transferred to the new store.

(10)    In early March 2004 a co-employee of Ms. Nieves in the deli department, Joyce Alphin, complained to her supervisor, the deli manager, Ms. Denise Dean, accusing Ms. Nieves of misconduct directed at her.

(11)    As a result of Ms. Alphin's accusations, the store director, Steven Briley, suspended Ms. Nieves from her employment on March 6, 2004.

(12)    While on suspension Ms. Nieves received a letter from the manager of Associate Relations, Stephen E. Moyer, was informed she would be suspended from March 6 through March 13, 2004, without pay and transferred to a different store.

(13)     The Union did not file a grievance to contest the discipline or transfer.

(14)     After her suspension, Ms. Nieves began employment at the ACME store to which she had transferred.  The store was in Smyrna, Delaware.

(15)     Ms. Nieves did not make any complaints about discrimination while she worked at the Smyrna store.

(16)     On January 15, 2005, Ms. Nieves resigned from her employment at ACME.

(17)     In January 2005 Ms. Nieves went to Florida and stayed with relatives.  Mr. Nieves did not go with her.

(18)     In August 2005, Ms. Nieves returned to Delaware and obtained employment at a Wawa store in Middletown, Delaware.

(b)     an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to;

The parties agree that the following are contested issues of fact:

(1)     Whether Gloria Nieves complained to her supervisor, B.J. Appenzeller and Jeanie Black, assistant store directors, or store director Steven Briley about discrimination or harassment.

(2)     Whether Ms. Nieves complained to Denise Dean about discrimination or harassment.

(3)     Whether her co-workers made the statements Ms. Nieves alleges created a hostile environment.

4

(4)    Whether Ms. Nieves threw water and deli ham at Joyce Alphin and later attempted to trip her with a mop handle.

(5)    Whether any employee of ACME asked Ms. Nieves about Ms. Alphin's accusations before Ms. Nieves was suspended.

(6)    Whether ACME Management dissuaded Ms. Nieves from filing a grievance through her union.

(7)    Whether Ms. Nieves was justified in resigning.

(8)    Whether Defendants intended to cause Ms. Nieves emotional distress.

(9)    Whether Ms. Nieves suffered emotional distress.

(10)    Whether, and to what extent, Mr. Nieves was affected by Plaintiff Gloria Nieves' distress.

(11)    Whether Ms. Nieves suffered severe or pervasive harassment.

(12)    Whether the reason Ms. Nieves was suspended was retaliatory.

(13)    Whether Ms. Nieves is entitled to damages, including punitive damages.

(14)    Whether Ms. Nieves mitigated damages.

(15)    Whether Ms. Nieves took reasonable efforts to mitigate damages by searching for and securing comparable work.

(16)    Whether Ms. Nieves suffered damages as a result of conduct by ACME.

(17)    Whether the transfer of Plaintiff to the ACME in Smyrna was an adverse employment action.

The parties do not agree to the following contested issues of fact.

(1)     Whether Ms. Nieves had marital problems while employed by ACME.

(2)     Whether Ms. Nieves shared her marital problems with ACME employees and management.

(3)     Whether Ms. Nieves resigned from ACME because of marital problems with her husband.

(4)     Whether items are missing or have been removed from Plaintiff's personnel file.

The parties agree the following are contested issues of law.

(1)     Admissibility of any aspect of the Department of Labor or EEOC investigation.

(2)     Whether punitive damages are appropriate.

(3)     Whether Ms. Nieves pleaded or, if so, later waived any claim for race/national origin discrimination in the suspension and transfer.

(4)     Whether Ms. Nieves can prove a prima facie case of harassment on the basis of her national origin:  that she suffered intentional discrimination on account of her race, that it was severe and pervasive, that it detrimentally affected her, that it would have detrimentally affected a reasonable person, and the basis for respondeat superior liability.

(5)     Whether Ms. Nieves can prove her claim of constructive discharge: that Acme knowingly permitted conditions of discrimination or retaliation in the workplace so unpleasant or difficult that a reasonable person would have believed she had no option but to resign.

6

(6)    Whether Ms. Nieves exhausted her administrative remedies with respect to her constructive discharge claim.  (This issue is for the Court.)

(7)    Whether Ms. Nieves can prove a prima facie case of retaliation with respect to her suspension and transfer:  that she engaged in protected activity, suffered an adverse employment action, and a causal connection between the two.

(8)    Whether Ms. Nieves can establish that the Company's legitimate business reasons for the suspension and transfer were a pretext for intentional retaliation.

(9)    Whether Ms. Nieves can prove her claim of breach of the duty of good faith and fair dealing.

(10)    Whether Ms. Nieves can prove her claim of intentional infliction of emotional distress:  that intentional or reckless extreme and outrageous conduct caused serious emotional distress, and that such claim is not preempted by workers' compensation.

(11)    Whether Mr. Nieves can prove his claim for loss of consortium.

(c)    except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of;

(1)    all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered into evidence, and

(2)    any demonstrative evidence and experiments to be offered during trial;

      (d)      a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list;

Plaintiffs

      Plaintiffs

      Amanda Cumberbatch

      Steven Moyer

      Steven Briley

      Barbara Appenzeller

      Denise Dean

      Dr. Robert Minnehan (Expert Economist)

      <u>Defendants</u>

Stephen Moyer -- will call

Stephen Briley -- will call

Barbara Appenzeller -- will call

Denise Dean -- will call

Christina Shaw  -- will call

Joyce Alphin  -- will call

Amanda Cumberbatch -- may call

Jeanie Black -- may call

Frank Murphy -- may call

Nancy Colburn -- may call

Henry Fajkowski -- may call

Tom Holden -- may call

Michelle Warren -- may call

Penny Armstrong -- may call

Tamara Marshall -- may call

Stacy Slate -- may call

Thomas J. Smith -- may call
(if DDOL documents admitted)

Mike Porte -- may call

Gloria Nieves -- will call

Emilio Nieves -- will call

   (e)  stipulations or statements setting forth the qualifications of each expert

witnesses in such form that the statement can be read to the jury at the same time the

expert witness takes the stand;

   (f)  a list of all depositions, or portions thereof, to be read into evidence and

statements of any objections thereto;

   (g)  an itemized statement of special damages; - see Dr. Minnehan's report

   (h)  waivers of any claims or defenses that have been abandoned by any party;

Plaintiff's State common law wrongful termination claim as set forth in the Complaint

has been withdrawn.

   (i)  for a jury trial, each party shall provide the following:

      (1)  trial briefs except as otherwise ordered by the court;

      (2)  three sets of marked proposed jury instructions, verdict forms, and

special interrogatories, if any; and

(3)    a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a) and D.Del. LR 47.1(a);

(j)    for a non-jury trial, each party shall provide proposed *Findings of Fact and Conclusions of Law* in duplicate;

(k)    a statement summarizing the history and status of settlement negotiations, indicating whether further negotiations are ongoing and likely to be productive:  The parties participated in a mediation session with Magistrate Thygne, but could not reach any agreement.  The parties have and will continue efforts to resolve this case.

(l)    a statement that each party has completed discovery, including the depositions of expert witnesses (unless the court has previously ordered otherwise).  Absent good cause shown, no further discovery shall be permitted:  Plaintiff confirms all discovery is complete; and

(m)    motions *in limine*:  **No party shall file more than five (5) motions in Limine without prior approval of the court.  Briefs (opening, answering and reply) on all such motions shall be due at the time of the filing of this Pretrial Order.  Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages.  The parties should submit an original and two (2) copies, excluding appendices, declarations, affidavits and exhibits.**

(3)    Trial of this case is expected to take three days.

(4)    This is a Jury trial.

(5)    The parties recommend that 8 jurors be selected at the commencement of the trial.

10

(6)   This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest justice.

(7)   Possibility of settlement of this case was considered by the parties.

_____

J.

Date: _____


GLORIA NIEVES                                    BUCHANAN INGERSOLL & ROONEY, P.C.
EMILIO NIEVES

_____          _____

Gloria Nieves                                    Jennifer Becnel-Guzzo, Esquire (#4492)
Emilio Nieves                                    1000 West Street, Suite 1410
625 Village Drive                                Wilmington, Delaware 19801
Middletown, DE  19709                            (302) 552-4200
                                                 (302) 552-4295 (facsimile)
Plaintiffs                                       jennifer.becnelguzzo@bipc.com
                                                 Attorney for Defendant ACME Markets, Inc.

                                                 and

                                                 Elizabeth A. Malloy, Esquire (pro hac vice)
                                                 Buchanan, Ingersoll & Rooney, P.C.
                                                 1835 Market Street, 14th Floor
                                                 Philadelphia, Pennsylvania 19103-2985
                                                 215-665-5310
                                                 Attorney for Defendant ACME Markets, Inc.

11

## PLAINTIFF'S EXHIBITS

| NO. | DESCRIPTION | OBJECTIONS |
|---|---|---|
| 1. | March 16, 2004 letter from Moyer to Nieves (DO155-157) | |
| 2. | E-Mails among ACME Management (Defendant's Appendix to Opening Brief A126-127) | |
| 3. | Gloria Nieves notes both handwritten (P256-258) and typed (P84-85) | |
| 4. | Medical Records (CARD006-12, and DO002-009) | Hearsay, Rules 802 and 803; Relevancy, Rule 402 No expert testimony |
| 5. | March 18, 2005 letter from Department of Labor to ACME (DO155-157) | Hearsay, Rules 802, 803, 805 Relevancy, Rule 402 Prejudical, Confusing, Untrustworthy Rule 803 |
| 6. | Department of Labor final determination (P88) | Hearsay, Rules 802, 803, 805 Relevancy, Rule 402 Prejudicial, Confusing, Untrustworthy Rule 803 |
| 7. | Gloria Nieves' Personnel file | Cumulative, Relevancy Rules 401, 402 |
| 8. | March 9, 2004 letter from H. Frajowski to S. Moyer | Hearsay, Rules 802 and 803 |
| 9. | Defendant's answers to interrogatories | Relevance, Rule _____ |

**DEFENDANTS' EXHIBITS**

| NO. | DESCRIPTION | OBJECTIONS |
|---|---|---|
| 1. | Sexual & Workplace Harassment Policy (11/12/01) (D0014) | |
| 2. | Equal Employment Opportunity Notice (D0048) | Relevance Rule 402<br>Cumulative Rule 403 |
| 3. | Statement on Compliance for Policies (11/12/01) (D0014) | |
| 4. | Policy Statement on Sexual Harassment (D0049) | Relevance Rule 402<br>Cumulative Rule 403 |
| 5. | Store Work Rules (D179-182) | |
| 6. | Acknowledgment for Store Rules (11/12/01) (D0022) | |
| 7. | Code of Business Conduct Acknowledgment (11/19/02) (D0028) | |
| 8. | Policies and Procedure Checklist (11/12/01) (D0016) | |
| 9. | Job Request Form (11/6/04) (D0047) | |
| 10. | Job Description (D178) | |
| 11. | Labor Agreement (D0099-145) | Relevance Rule 402<br>Confusion, Misleading 403 |

| 12. | EEOC Charge (4/2/04)   (D0149) | Relevance Rule 402 |
|---|---|---|
| 13. | Letter from Slate to Cutler (6/25/04) and attachments    (D0160-174) | Relevance Rule 402<br><br>Confusion, Misleading Rule 403<br><br>Hearsay Rule 802 |
| 14. | Letter to Nieves from Smith (3/14/05)    (DDOL0020) | Relevance Rule 402<br><br>Confusion, Misleading Rule 403 |
| 15. | 3/18/05 Letter from DOL to Tamara Marshall [Note: Defendant would introduce only if Court permits Plaintiff to introduce DOL Final Determination (P88)]   (D0155-56) | |
| 16. | Letter from Moyer to Warren (2/21/06)   (D0184) | Relevance Rule 402<br><br>Misleading, Confusion Rule 403 |
| 17. | Letter from Moyer to Warren (3/13/06)   (D0185) | Relevance Rule 402<br><br>Misleading, Confusion Rule 403 |
| 18. | Personnel Status Form for Warren (D0186) | Relevance Rule 402<br><br>Misleading, Confusion Rule 403 |
| 19. | Service History for Warren (D0187-90) | Relevance Rule 402<br><br>Misleading, Confusion Rule 403 |
| 20. | Service History for Cumberbatch (D0191-92) | Relevance Rule 402<br><br>Misleading, Confusion Rule 403 |
| 21. | Personnel Status Form for Cumberbatch    (D0193) | Relevance Rule 402<br><br>Misleading, Confusion Rule 403 |
| 22. | Be Aware - Don't Discriminate (P254-55) | Relevance Rule 402<br><br>Confusion, Misleading, Cumulative Rule 403 |
| 23. | Gloria Nieves' 2003  W-2's  (P34) | |

| 24. | Gloria Nieves' 2004 Tax Return | |
|-----|--------------------------------|---|
| 25. | Emelio Nieves' 2004 Tax Return | Relevance Rule 402<br><br>Confusion, Misleading Rule 403 |
| 26. | Gloria Nieves' 2005  W-2's | |
| 27. | Wawa Handbook - Cover Page and Sections on Pay and Benefits  (P129, 130, 137-146) | |
| 28. | Plaintiffs' Answers to Defendants' Interrogatories | Relevance Rule 402 |
| 29. | Complaint | Confusing, Misleading Rule 403 |
| 30. | Timeline (Demonstrative) | Reserve Objections Until Produced (ready to be produced after Plaintiffs' counsel withdrew) |

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GLORIA NIEVES and EMILIO NIEVES,      :      CIVIL ACTION

              Plaintiffs,    :

          v.              :

                      :      Number: 06-123 (GMS)

ACME MARKETS, INC., a Delaware corporation    :
d/b/a Acme Markets No. 7816, ACME MARKETS,    :      JURY TRIAL DEMANDED
INC., a Delaware Corporation d/b/a Acme Markets    :
No. 7836, ACME MARKETS, INC., a Pennsylvania    :
Corporation, d/b/a Acme Markets No. 7816,    :
ACME MARKETS, INC., a Pennsylvania    :
Corporation d/b/a Acme Markets No. 7836,    :
                      :
              Defendants.   :

## <u>CERTIFICATE OF SERVICE</u>

    I, Jennifer M. Becnel-Guzzo, hereby certify that on May 29, 2007, I electronically filed

the Final Pretrial Order with the Clerk of Court using CM/ECF and also served two copies, via

first class mail, postage prepaid, to:

           Gloria and Emilio Nieves
           625 Village Drive
           Middletown, DE  19709

           BUCHANAN INGERSOLL & ROONEY PC

           BY: *Jennifer M. Becnel-Guzzo*

           Jennifer M. Becnel-Guzzo (#4492)
           1000 West Street, Suite 1410
           Wilmington, DE 19801
           (302) 552-4200
           jennifer.becnelguzzo@bipc.com
May 29, 2007           *Attorneys for Defendant Acme Markets, Inc.*

#2032592-v2