IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | : CIVIL ACTION |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : Number: 06-123 (GMS) |
| ACME MARKETS, INC., a Delaware corporation | : |
| d/b/a Acme Markets No. 7816, ACME MARKETS, | : JURY TRIAL DEMANDED |
| INC., a Delaware Corporation d/b/a Acme Markets | : |
| No. 7836, ACME MARKETS, INC., a Pennsylvania | : |
| Corporation, d/b/a Acme Markets No. 7816, | : |
| ACME MARKETS, INC., a Pennsylvania | : |
| Corporation d/b/a Acme Markets No. 7836, | : |
| | : |
| Defendants. | : |

## DEFENDANT'S PROPOSED VERDICT SHEETS

Defendant Acme Markets, Inc. hereby submits the attached Proposed Verdict Sheets for Plaintiffs Gloria Nieves and Emilio Nieves. The parties reserve the right to amend and/or supplement the proposed verdict sheets following the Court's ruling on dispositive motions and at the close of evidence.

Respectfully submitted,

*[signature]*
JENNIFER M. BECNEL-GUZZO (No. 4492)
BUCHANAN INGERSOLL & ROONEY P.C.
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (facsimile)
jennifer.becnelguzzo@bipc.com

and

ELIZABETH A. MALLOY (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY P.C.
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 665-8700

Attorneys for Defendant,
Acme Markets, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Number: 06-123 (GMS) |
| ACME MARKETS, INC., a Delaware corporation | : | |
| d/b/a Acme Markets No. 7816, ACME MARKETS, | : | JURY TRIAL DEMANDED |
| INC., a Delaware Corporation d/b/a Acme Markets | : | |
| No. 7836, ACME MARKETS, INC., a Pennsylvania | : | |
| Corporation, d/b/a Acme Markets No. 7816, | : | |
| ACME MARKETS, INC., a Pennsylvania | : | |
| Corporation d/b/a Acme Markets No. 7836, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S PROPOSED VERDICT SHEET AS TO PLAINTIFF GLORIA NIEVES**

**I.    LIABILITY**

    **A.    Hostile Work Environment**

1. Did Ms. Nieves prove by a preponderance of the evidence that she was subjected to harassment because of her national origin?

    Yes _____     No _____

    If your answer is Yes, then proceed to Question 2. If your answer is No, then proceed to Question 8.

2. Did Ms. Nieves prove by a preponderance of the evidence that the harassment was severe or pervasive?

    Yes _____     No _____

    If your answer is Yes, then proceed to Question 3. If your answer is No, then proceed to Question 8.

3. Did Ms. Nieves prove by a preponderance of the evidence that she was detrimentally affected by the harassment?

    Yes _____     No _____

      If your answer is Yes, then proceed to Question 4. If your answer is No, then proceed to Question 8.

4. Did Ms. Nieves prove by a preponderance of the evidence that a reasonable person of the same national origin as her, in a like position, would have been detrimentally affected by the harassment?

      Yes _____      No _____

If your answer is Yes, then proceed to Question 5. If your answer is No, then proceed to Question 8.

5. Did Ms. Nieves prove by a preponderance of the evidence that management level employees at Acme knew of the harassment?

      Yes _____      No _____

If your answer is Yes, then proceed to Question 6. If your answer is No, then proceed to Question 8.

6. Did Ms. Nieves prove by a preponderance of the evidence that management level employees at Acme should have known of the harassment because of any of the following circumstances?

    a. Ms. Nieves provided management level employees at Acme with enough information to raise a probability of national origin harassment in the mind of a reasonable employer?

      Yes _____      No _____

    b. the harassment was so pervasive and open that a reasonable employer had to be aware of it?

      Yes _____      No _____

If your answer to any part of Question 6 is Yes, then proceed to Question 7. If your answer to each part of Question 6 is No, then proceed to Question 8.

7. Did Ms. Nieves prove by a preponderance of the evidence that once Acme knew or should have known of the harassment, that it failed to take prompt remedial action?

      Yes _____      No _____

Please proceed to Question 8.

### B.  Constructive Discharge

8.  Did Ms. Nieves prove by a preponderance of the evidence that she exhausted her administrative remedies with the Delaware Department of Labor with respect to her claim of constructive discharge in any of the following manners?

    a.  by asserting that she was constructively discharged in a claim to the Delaware Department of Labor?

    Yes _____     No _____

    b.  by showing that her claim of constructive discharge was within the scope of a prior claim to the Delaware Department of Labor or the investigation which arose from it?

    Yes _____     No _____

    If your answer to any part of Question 8 is Yes, then proceed to Question 9. If your answer to each and every part of Question 8 is No, then proceed to Question 11.

9.  Did Ms. Nieves prove by a preponderance of the evidence that her working conditions were so intolerable that a reasonable person would have been forced to resign from Acme on January 15, 2005, such that Ms. Nieves' resignation constituted a constructive discharge?

    Yes _____     No _____

    If your answer is Yes, then proceed to Question 10. If your answer is No, then proceed to Question 11.

10. Did Ms. Nieves prove by a preponderance of the evidence that any of the following factors were a motivating factor in Acme's conduct in maintaining the intolerable working conditions?

    a.  Ms. Nieves' national origin?

    Yes _____     No _____

    b.  Ms. Nieves' complaints about a hostile work environment?

    Yes _____     No _____

    Please proceed to Question 11.

### C. Breach of Covenant of Good Faith and Fair Dealing

11. Did Ms. Nieves prove by a preponderance of the evidence the existence of a public interest that is recognized by some legislative, administrative or judicial authority?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 12. If your answer is No, then proceed to Question 13.

12. Did Ms. Nieves prove by a preponderance of the evidence that she occupied a position with responsibility for advancing or sustaining the identified public interest?

    Yes _____    No _____

    Please proceed to Question 13.

### D. National Origin Discrimination

13. Did Ms. Nieves prove by a preponderance of the evidence that she suffered a materially adverse employment action when she was transferred to the Smyrna store?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 14. If your answer is No, then proceed to Question 16.

14. Did Ms. Nieves prove by a preponderance of the evidence that similarly situated persons not of her protected class were treated differently with respect to any of the following actions so as to give rise to an inference of discrimination?

    a.  transfers?

        Yes _____    No _____

    b.  suspensions?

        Yes _____    No _____

    If your answer to any part of Question 14 is Yes, then proceed to Question 15. If your answer to each and every part of Question 14 is No, then proceed to Question 18.

15. Did Ms. Nieves prove by a preponderance of the evidence that Acme intentionally discriminated against her on the basis of her national origin and that her national origin was a determinative factor in any of the following actions?

      a.    transfer to the Smyrna store?

           Yes _____      No _____

      b.    one week suspension?

           Yes _____      No _____

Please proceed to Question 18.

16.    Did Ms. Nieves prove by a preponderance of the evidence that similarly situated persons not of her protected class were treated differently with respect to suspensions so as to give rise to an inference of discrimination?

           Yes _____      No _____

If your answer is Yes, then proceed to Question 17. If your answer is No, then proceed to Question 18.

17.    Did Ms. Nieves prove by a preponderance of the evidence that Acme intentionally discriminated against her on the basis of her national origin and that her national origin was a determinative factor in suspending her for one week?

           Yes _____      No _____

Please proceed to Question 18.

**E.    Retaliation**

18.    Did Ms. Nieves prove by a preponderance of the evidence that she complained of a hostile work environment?

           Yes _____      No _____

If your answer is Yes, then proceed to Question 19. If you answer is No, then proceed to Question 22.

19.    Did Ms. Nieves prove by a preponderance of the evidence that she suffered a materially adverse action in any of the following actions?

      a.    suspension of one week?

           Yes _____      No _____

      b.    transfer to the Smyrna store?

           Yes _____      No _____

If your answer to any part of Question 19 is Yes, then proceed to Question 20. If you answer to each and every part of Question 19 is No, then proceed to Question 22.

20. Did Ms. Nieves prove by a preponderance of the evidence that a causal link exists between her complaining of a hostile work environment and Acme's decision in any of the following actions?

      a.     suspension of one week?

            Yes _____     No _____

      b.     transfer to the Smyrna store?

            Yes _____     No _____

If your answer to any part of Question 20 is Yes, then proceed to Question 21. If you answer to each and every part of Question 20 is No, then proceed to Question 22.

21. Did Ms. Nieves prove by a preponderance of the evidence that Acme intentionally retaliated against her for her complaints of a hostile work environment and that her complaints of a hostile work environment were a determinative factor in Acme's decision in any of the following actions?

      a.     suspension of one week?

            Yes _____     No _____

      b.     transfer to the Smyrna store?

            Yes _____     No _____

Please proceed to Question 22.

### F. Intentional Infliction of Emotional Distress

22. Did Ms. Nieves prove by a preponderance of the evidence that Acme's conduct was extreme and outrageous?

         Yes _____     No _____

If your answer is Yes, then proceed to Question 23. If you answer is No, then proceed to Question 25.

23. Did Ms. Nieves prove by a preponderance of the evidence that Acme's conduct was intentional or reckless?

         Yes _____     No _____

        If your answer is Yes, then proceed to Question 24. If you answer is No, then proceed to Question 25.

24. Did Ms. Nieves prove by a preponderance of the evidence that she suffered emotional distress as a result of Acme's conduct?

        Yes _____        No _____

        Please proceed to Question 25.

## II. DAMAGES

### A. Hostile Work Environment

25. Did you answer Question 7, and if so, was your answer "Yes"?

        Yes _____        No _____

        If your answer is Yes, then proceed to Question 26. If your answer is No, then proceed to Question 30.

26. Did Ms. Nieves prove by a preponderance of the evidence that she suffered emotional distress, pain and suffering, and/or loss of enjoyment of life as the result of the hostile work environment at Acme?

        Yes _____        No _____

        If your answer is Yes, then proceed to Question 27. If your answer is No, then proceed to Question 28.

27. What amount of compensatory damages, if any, do you award Ms. Nieves for emotional pain, suffering, mental anguish, loss of enjoyment of life and other non-monetary losses?

        $ _____

        Please proceed to Question 28.

28. Did Ms. Nieves prove by a preponderance of the evidence that Acme maintained a hostile work environment with malice or reckless indifference to Ms. Nieves' federally protected right to be free from harassment based on her national origin?

        Yes _____        No _____

        If your answer is Yes, then proceed to Question 29. If your answer is No, then proceed to Question 30.

29.  What amount, if any, do you award as punitive damages against Acme?

    $ _____

    Please proceed to Question 30.

    **B.    Constructive Discharge**

30.  Did you answer Question 10, and if so, was your answer to any part of Question 10 "Yes"?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 31. If your answer is No, then proceed to Question 37.

31.  Did Ms. Nieves prove by a preponderance of the evidence that she suffered emotional distress, pain and suffering, and/or loss of enjoyment of life as the result of her being constructively discharged from Acme?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 32. If your answer is No, then proceed to Question 33.

32.  What amount of compensatory damages, if any, do you award Ms. Nieves for emotional pain, suffering, mental anguish, loss of enjoyment of life and other non-monetary losses?

    $ _____

    Please proceed to Question 33.

33.  Did Ms. Nieves prove by a preponderance of the evidence that she is entitled to recover damages for lost wages as the result of her being constructively discharged from Acme?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 34. If your answer is No, then proceed to Question 35.

34.  What amount of compensatory damages, if any, in the form of lost wages do you award to Ms. Nieves?

    $ _____

    Please proceed to Question 35.

35.  Did Ms. Nieves prove by a preponderance of the evidence that Acme constructively discharged Ms. Nieves with malice or reckless indifference to Ms. Nieves' right to be free from intolerable working conditions?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 36. If your answer is No, then proceed to Question 37.

36.  What amount, if any, do you award as punitive damages against Acme?

    $ _____

    Please proceed to Question 37.

    **C.   Breach of the Covenant of Good Faith and Fair Dealing**

37.  Did you answer Question 12, and if so, was your answer "Yes"?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 38. If your answer is No, then proceed to Question 40.

38.  Did Ms. Nieves prove by a preponderance of the evidence that she is entitled to recover damages for lost wages as the result Acme's breach of the covenant of good faith and fair dealing?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 39. If your answer is No, then proceed to Question 40.

39.  What amount of compensatory damages, if any, in the form of lost wages do you award to Ms. Nieves?

    $ _____

    Please proceed to Question 40.

    **D.   National Origin Discrimination in Suspension and Transfer**

40.  Did you answer Question 15, and if so, was your answer to any part of Question 15 "Yes"?

    Yes _____    No _____

If your answer is Yes, then proceed to Question 42. If your answer is No, then proceed to Question 41.

41. Did you answer Question 17, and if so, was your answer "Yes"?

   Yes _____  No _____

If your answer is Yes, then proceed to Question 42. If your answer is No, then proceed to Question 48.

42. Did Ms. Nieves prove by a preponderance of the evidence that she suffered emotional distress, pain and suffering, and/or loss of enjoyment of life as the result of Acme intentionally discriminating against her on the basis of her national origin?

   Yes _____  No _____

If your answer is Yes, then proceed to Question 43. If your answer is No, then proceed to Question 44.

43. What amount of compensatory damages, if any, do you award Ms. Nieves for emotional pain, suffering, mental anguish, loss of enjoyment of life and other non-monetary losses?

   $ _____

Please proceed to Question 44.

44. Did Ms. Nieves prove by a preponderance of the evidence that she is entitled to recover damages for lost wages as the result of Acme intentionally discriminating against her on the basis of her national origin?

   Yes _____  No _____

If your answer is Yes, then proceed to Question 45. If your answer is No, then proceed to Question 46.

45. What amount of compensatory damages, if any, in the form of lost wages do you award to Ms. Nieves?

   $ _____

Please proceed to Question 46.

46. Did Ms. Nieves prove by a preponderance of the evidence that Acme intentionally discriminated against her on the basis of her national origin with malice or reckless indifference to Ms. Nieves' right to be free from intentional discrimination?

   Yes _____  No _____

        If your answer is Yes, then proceed to Question 47. If your answer is No, then proceed to Question 48.

47. What amount, if any, do you award as punitive damages against Acme?

        $ _____

        Please proceed to Question 48.

        **E.    Retaliation**

48. Did you answer Question 21, and if so, was your answer to any part of Question 21 "Yes"?

        Yes _____        No _____

        If your answer is Yes, then proceed to Question 49. If your answer is No, then proceed to Question 55.

49. Did Ms. Nieves prove by a preponderance of the evidence that she suffered emotional distress, pain and suffering, and/or loss of enjoyment of life as the result of Acme intentionally retaliating against her for her complaints of a hostile work environment?

        Yes _____        No _____

        If your answer is Yes, then proceed to Question 50. If your answer is No, then proceed to Question 51.

50. What amount of compensatory damages, if any, do you award Ms. Nieves for emotional pain, suffering, mental anguish, loss of enjoyment of life and other non-monetary losses?

        $ _____

        Please proceed to Question 51.

51. Did Ms. Nieves prove by a preponderance of the evidence that she is entitled to recover damages for lost wages as the result of Acme intentionally retaliating against her for her complaints of a hostile work environment?

        Yes _____        No _____

        If your answer is Yes, then proceed to Question 52. If your answer is No, then proceed to Question 53.

52. What amount of compensatory damages, if any, in the form of lost wages do you award to Ms. Nieves?

    $ _____

    Please proceed to Question 53.

53. Did Ms. Nieves prove by a preponderance of the evidence that Acme intentionally retaliated against her for her complaints of a hostile work environment with malice or reckless indifference to Ms. Nieves' right to be free from intentional retaliation?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 54. If your answer is No, then proceed to Question 55.

54. What amount, if any, do you award as punitive damages against Acme?

    $ _____

    Please proceed to Question 55.

    **F.    Intentional Infliction of Emotional Distress**

55. Did you answer Question 24, and if so, was your answer "Yes"?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 56. If your answer is No, then stop here. Please have the foreperson sign this Verdict Form, and call the Courtroom Deputy.

56. Did Ms. Nieves prove by a preponderance of the evidence that she suffered emotional distress, pain and suffering, and/or loss of enjoyment of life as the result of Acme intentionally inflicting emotional distress upon her?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 57. If your answer is No, then proceed to Question 58.

57. What amount of compensatory damages, if any, do you award Ms. Nieves for emotional pain, suffering, mental anguish, loss of enjoyment of life and other non-monetary losses?

    $ _____

    Please proceed to Question 58.

58. Did Ms. Nieves prove by a preponderance of the evidence that Acme intentionally inflicted emotional distress upon her with malice or reckless indifference to Ms. Nieves' rights?

   Yes _____    No _____

   If your answer is Yes, then proceed to Question 59. If your answer is No, then stop here. Please have the foreperson sign this Verdict Form, and call the Courtroom Deputy.

59. What amount, if any, do you award as punitive damages against Acme?

   $ _____

   Please have the foreperson sign this Verdict Form, and call the Courtroom Deputy.


   _____
   Jury Foreperson                    Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLORIA NIEVES and EMILIO NIEVES, : | CIVIL ACTION |
| Plaintiffs, : | |
| v. : | |
| : | Number: 06-123 (GMS) |
| ACME MARKETS, INC., a Delaware corporation : | |
| d/b/a Acme Markets No. 7816, ACME MARKETS, : | JURY TRIAL DEMANDED |
| INC., a Delaware Corporation d/b/a Acme Markets : | |
| No. 7836, ACME MARKETS, INC., a Pennsylvania : | |
| Corporation, d/b/a Acme Markets No. 7816, : | |
| ACME MARKETS, INC., a Pennsylvania : | |
| Corporation d/b/a Acme Markets No. 7836, : | |
| Defendants. : | |

**DEFENDANT'S PROPOSED VERDICT SHEET AS TO PLAINTIFF EMILIO NIEVES**

I. **LIABILITY**

1.  Did Ms. Nieves prove by a preponderance of the evidence that Acme caused her injury in any of the following claims?

    a.  intentional infliction of emotional distress?

    Yes _____    No _____

    b.  breach of the covenant of good faith and fair dealing?

    Yes _____    No _____

    If your answer to any part of Question 1 is Yes, then proceed to Question 2. If your answer to each and every part of Question 1 is No, then stop here. Please have the foreperson sign the Verdict Form, and call the Courtroom Deputy.

2.  Did Mr. Nieves prove by a preponderance of the evidence that the injury caused by Acme to Ms. Nieves deprived him of the consortium, services and/or companionship of his wife?

    Yes _____    No _____

    If your answer is Yes, then proceed to Question 3. If your answer is No, then stop here. Please have the foreperson sign the Verdict Form, and call the Courtroom Deputy.

II. **DAMAGES**

3. What amount of compensatory damages, if any, do you award Mr. Nieves for the loss of consortium, services and/or companionship of his wife?

    $ _____

Please have the foreperson sign this Verdict Form, and call the Courtroom Deputy.

_____
Jury Foreperson                Date

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GLORIA NIEVES and EMILIO NIEVES, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, : | : | |
| | : | |
| v. | : | |
| | : | Number: 06-123 (GMS) |
| ACME MARKETS, INC., a Delaware corporation | : | |
| d/b/a Acme Markets No. 7816, ACME MARKETS, | : | JURY TRIAL DEMANDED |
| INC., a Delaware Corporation d/b/a Acme Markets | : | |
| No. 7836, ACME MARKETS, INC., a Pennsylvania | : | |
| Corporation, d/b/a Acme Markets No. 7816, | : | |
| ACME MARKETS, INC., a Pennsylvania | : | |
| Corporation d/b/a Acme Markets No. 7836, | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I, Jennifer M. Becnel-Guzzo, hereby certify that on May 29, 2007, I electronically filed Defendant's Proposed Verdict Sheets for Plaintiffs Gloria Nieves and Emilio Nieves with the Clerk of Court using CM/ECF and also served two copies, via first class mail, postage prepaid, to:

> Gloria and Emilio Nieves
> 625 Village Drive
> Middletown, DE 19709

> BUCHANAN INGERSOLL & ROONEY PC
>
> BY: *[signature]*
> Jennifer M. Becnel-Guzzo (#4492)
> 1000 West Street, Suite 1410
> Wilmington, DE 19801
> (302) 552-4200
> jennifer.becnelguzzo@bipc.com
> Attorneys for Defendant Acme Markets, Inc.

May 29, 2007

#2032208-v1